FILED
MAY 26 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAREY KLEIN,

           Plaintiff,

v.

CITY OF PORTLAND, OREGON, and
OFFICER MARK ZYLAWY and
OFFICER JERRY CIOETA,

           Defendants.

CV. 07-1088-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

Plaintiff Carey Klein ("Klein") filed this action against the City of Portland (the "City"), and Officer Mark Zylawy (collectively "Defendants"),[1] asserting claims for battery and violations of his constitutional rights to be free from unreasonable seizure and to free speech. Klein also asserts a

---

[1]Plaintiff also named Officer Jerry Cioeta as a defendant. However, Officer Cioeta was dismissed with prejudice from this action in September 2008 and is no longer a party to the action.

Page -1- FINDINGS AND RECOMMENDATION                                           {SIB}

claim for municipal liability against the City based on a failure to properly train Officer Zylawy. Defendants move for partial summary judgment against all but the battery claim and the unreasonable seizure claim under the Fourth Amendment. For the reasons set forth below, the court recommends denying summary judgment on Klein's Third Claim for Relief for violation of this constitutional right to freedom of speech and granting Defendants' motion for partial summary judgment in all other respects.

*Background*

Klein regularly attends and videotapes political protests and marches, and strongly believes that he is making a valuable contribution to society by doing so. (Klein Dep. 81:9-20, Klein Decl. ¶ 12.) In the past, Klein has been involved in physical altercations with police officers while filming but has not been deterred from videotaping future protests and marches. (Klein Decl. ¶ 9.) He attributes his tenacity and willingness to take risks to his knowledge of Tai Chi, his self employment, and the absence of responsibility for a family. (Klein Decl. ¶¶ 13-14.)

On the evening of January 31, 2006, Klein was filming a political protest in the Lloyd Center Mall in Portland, Oregon (the "Mall"). (Klein Decl. ¶ 2.) When the protesters were asked to leave the Mall by a security guard, Klein followed them out. (Klein Dep. 36:12-15, 37:17-18.) As he exited the Mall, Klein was grabbed by someone he identified as a security guard and was pushed forward. (Klein Dep. 42:18-23, 44:12-14.) At this point, another individual, whom Klein believes to be Officer Mark Zylawy, grabbed Klein from behind and threw him to the ground. (Klein Dep. 44:15-18, Klein Decl. ¶ 6.) The same individual then pulled Klein up by his backpack straps and pushed him toward the street. (Klein Dep. 50:4-12.)

John Rotter, a friend of Klein's, took the video camera from Klein immediately after the

altercation and began filming the faces and nametags of the police officers working the protest. (Rotter Dep. 31:20-25.) Rotter, like Klein, was being escorted from the Mall at the time. (Rotter Dep. 31:7-9.) After a couple of minutes, Klein retrieved the camera and proceeded to film the police officers himself, zooming in on the officers faces to get close ups. (Klein Dep. 52:16-53-20.) Klein followed the protesters to a military recruiting office and then to a parking structure, and continued to videotape for approximately thirty more minutes. (Klein Dep. 56:10-57:8.) While in the parking structure, Officer Zylawy approached Klein, aggressively bumped against his backpack and stared at him in a cold and threatening manner. (Klein Dep. 62:9-18, Klein Decl. ¶ 8.)

Klein suffered various physical injuries from being pushed to the ground. He had trouble sleeping for three months due to neck pain and was unable to ride a bike, his major form of transportation, for two weeks. (Klein Dep. 64:21-65:2, 68:20-23, 71:21-24.) While the incident was traumatic to Klein and caused him recurring fear of police officers as well as anxiety during public events, Klein has continued to videotape protests since the incident. (Klein Dep. 81:21-23, Klein Decl. ¶¶ 9, 11.) Klein states that he is more resistant to the chilling effect of Officer Zylawy's conduct than a person of ordinary firmness and that he has seen other videographers deterred from filming after suffering less serious harassment. (Klein Decl. ¶¶ 12, 15.)

*Legal Standard*

Rule 56 of the Federal Rules of Civil Procedure allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). "[T]he requirement is that there be no *genuine* issue of *material* fact." *Anthes v. Transworld Systems, Inc.*, 765 F. Supp. 162, 165 (D. Del. 1991) (citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 247-48 (1986))(emphasis in original).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is absent. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the onus is on the nonmovant to establish that there is a genuine issue of material fact. *Id.* at 324. In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome of the case. *Anderson*, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. On the other hand, if after the court has drawn all reasonable inferences in favor of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

*Discussion*

## 1. First Claim for Relief - Battery and Unreasonable Seizure under the Fourth and Fourteenth Amendments

Defendants argue that Klein's claim for unreasonable seizure is properly analyzed under the Fourth Amendment, which relates specifically to the conduct at question, and not as a due process claim under the Fourteenth Amendment. Klein represented, both in writing and at oral argument, that he did not intend to allege or pursue a claim under the Fourteenth Amendment for unreasonable seizure. Based on these concessions, to the extent Klein has alleged a Fourteenth Amendment claim, Defendants' motion for summary judgment on such claim should be granted.

## 2. Second Claim for Relief - Municipal Liability and Failure to Train

In his Second Claim for Relief, Klein alleges that the City was negligent in the training of its police officers and had a custom or practice of allowing police officers to use excessive force to seize videographers at public political demonstrations. The City argues that Klein has failed to prove the existence of a City custom of encouraging or condoning the use of excessive force in these situations. Klein conceded in his brief and at oral argument that he is unable to prove municipal liability against the City. The City is entitled to summary judgment on this claim.

## 3. Third Claim for Relief - First Amendment Right to Free Speech

Klein alleges in his Third Claim for Relief that Officer Zylawy intentionally deprived him of his right to freedom of press when he forcefully pushed Klein to the ground while Klein was filming a political protest. Defendants concede that videotaping matters of public interest is protected by the First Amendment. However, Defendants argue that Klein is unable to establish that the officer's conduct deprived Klein of his constitutional right to videotape protests.

"State action designed to retaliate against and chill political expression strikes at the very heart of the First Amendment." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Accordingly, a police officer violates a person's First Amendment rights if his actions "would chill or silence a person of ordinary firmness from future First Amendment activities" and the police officer intended to inhibit such activities by his actions. *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300-01 (9th Cir. 1999).

It is clear from the facts before the court, as well as Klein's own admission, that Officer's Zylawy's conduct did not deter Klein from continuing to film protests. However, that is not the applicable standard. The question the court must answer is whether Officer's Zylawy's conduct

would deter a person of ordinary firmness from future filming. Defendants offer the conduct of Klein's friend, John Rotter, who took the camera from Klein immediately after he was thrown to the ground and filmed the very officers that were involved in the altercation while Klein was recovering, as evidence that a person of ordinary firmness was, in fact, not deterred by Officer Zylawy's conduct. However, there is evidence in the record that, viewed in a light most favorable to Klein, indicates that Rotter was not a person of ordinary firmness. Rotter's participation in the protest could be viewed as evidence that Rotter held strong political beliefs and was committed or willing to engage in somewhat extreme acts to support those beliefs. Additionally, Rotter merely observed the treatment of Klein by Officer Zyalwy, which is not the same as being the target of such contact. There is no evidence that Rotter would have continued filming the protest if he was the one who was forcibly pushed to the ground.

The second issue to be considered in determining if a plaintiff's First Amendment rights have been violated is whether the defendant intended to chill the protected conduct by his actions. To establish the requisite intent, a plaintiff must show that deterrence of the protected activity "was a substantial or motivating factor in [the defendant's] conduct." *Browne v. Gossett*, 259 Fed. Appx. 928, 930 (9th Cir. 2007)(quoting *Mendocino*, 192 F.3d at 1300). In other words, a defendant must prove that he "would have taken the same action even in the absence" of the protected conduct. *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 771 (9th Cir. 2006). Defendants do not argue that Officer Zylawy's actions were not intended to deter Klein from videotaping future protest or that he would pushed Klein to the ground even if he hadn't been filming the protest, and there is no evidence in the record to support this argument even if it were made. Furthermore, issues of intent are best left to the ultimate factfinder to decide, *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999)(citing

*Lowe v. City of Monrovia*, 775 F.2d 998, 1998 (9th Cir. 1985), and Defendants offer no undisputed facts to support a conclusion that this case should be approached differently.

Based on the evidence before it, the court finds that a genuine issue of material fact exists with regard to the questions of whether Officer Zylawy's treatment of Klein would chill or silence a person of ordinary firmness from filming future protests and whether Officer Zyalwy intended to deter such conduct by his actions. Defendants are not entitled to summary judgment on Klein's claim for violation of his First Amendment rights.

4. Injunctive Relief

In his Prayer for Relief, Klein asks for an injunction prohibiting Officer Zylawy from "approaching videographers and legal observers unless and until he is retrained in appropriate use of force against videographers and legal observers at lawful, nonviolent political demonstrations." (First Am. Compl. at 10.) Defendants move for summary judgment on this damage claim in light of Officer Zylawy's passing. Klein concedes that, in the absence of Officer Zylawy, his request for injunctive relief is moot. Defendants are entitled to the dismissal of Klein's request for injunctive relief.

*Conclusion*

Defendants' motion (#37) for partial summary judgment should be DENIED with regard to Klein's Third Claim for Relief for violation of this constitutional right to freedom of speech and GRANTED in all other respects.

Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than **June 10, 2009**. If no objections are filed, review

of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 26th day of May, 2009.

_____
JOHN V. ACOSTA
United States Magistrate Judge