FILED
JUN 01 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CAREY KLEIN, | CV. 07-1088-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| CITY OF PORTLAND, OREGON, and OFFICER MARK ZYLAWY and OFFICER JERRY CIOETA, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

Plaintiff Carey Klein ("Klein") filed this action against the City of Portland (the "City") and Officer Mark Zylawy (collectively "Defendants"),[1] asserting claims for battery and violations of his

---

[1] Plaintiff also named Officer Jerry Cioeta as a defendant. However, Officer Cioeta was dismissed with prejudice from this action in September 2008 and is no longer a party to the action.

Page -1- FINDINGS AND RECOMMENDATION                                        {SIB}

constitutional rights to be free from unreasonable seizure and to free speech based on Officer Zylawy's forcefully pushing Klein to the ground after he had been escorted from the scene of a political protest he had been videotaping. Presently before the court are Defendants' motion to dismiss Klein's claims against Officer Zylawy, and Klein's motion for extension of time to file a motion to substitute a party and motion to substitute Patricia Zylawy, the personal representative of the state of Mark Zylawy, as the proper defendant in place of Officer Zylawy. For the reasons set forth below, the court recommends denying Defendants' motion to dismiss, denying Klein's motion for extension of time as moot, and granting Klein's motion for substitution of party.

*Background*

Klein filed this action in state court on June 25, 2007, and Defendants timely removed the action to this court. Officer Zylawy was killed in a motor vehicle accident on January 27, 2008. James G. Rice, attorney for Defendants, advised Benjamin Haile, Klein's attorney, of Officer Zylawy's death in early February 2008, and, on February 18, 2008, Haile expressed his sympathies to Rice in an email. (Rice. Decl. ¶ 2, Ex. 1 at 1.)

On May 2, 2008, Rice reminded Haile through email of their conversations regarding Zylawy in which Rice advised Haile of Rice's need to comply with Federal Rule of Civil Procedure 25 in the event Klein decided not to dismiss Zylawy. Rice indicated that Haile had previously requested time to discuss the issue with Klein but had failed to subsequently respond to Rice. (Rice. Decl. Ex. 1 at 2-3.) On September 9, 2008, Rice sent Haile a letter via first class mail confirming that he had informed Haile of Officer Zylawy's death in February, 2008. (Rice. Decl. ¶ 4, Ex. 2.) The letter read:

> Your unavailability at the telephone conference with Judge Acosta shortened

the process. I gave a summary of our recent discovery and reported that plaintiff has agreed to dismiss Officer Cioeta and I've mailed you a voluntary dismissal for us to sign and I will file with the court.

I informed the judge that we have deposed the plaintiff, plaintiff's witness John Rotter and Officer Jerry Cioeta. I mentioned there are no pending depositions. The only other named defendant is Officer Zylawy and as I informed you back in February he was killed in a motor vehicle accident on 27 January 2008.

Judge Acosta asked us to confer on the document dispute and see what we can resolve among ourselves. I mentioned you have sent me a letter outlining how plaintiff's initial request has been narrowed. I am to report to the Court with a status report by email in two weeks.

I have looked into the tailored request and I suggest you call me.

(Rice. Decl. ¶ 4, Ex. 2.)

The parties appeared before the court on January 23, 2009, for oral argument on Defendants' motion for partial summary judgment. At oral argument, Rice mentioned Officer Zylawy's passing and indicated that he would likely file a motion to dismiss the officer. Defendants filed the motion to dismiss on January 28, 2009. Klein filed a motion for extension of time to substitute a party on February 10, 2009, asking the court to extend the deadline for filing to May 11, 2009. Klein then filed his motion to substitute a party on April 13, 2009.

*Legal Standard*

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

A statement noting the death must be served on parties in accordance with the requirements of Rule 5. FED. R. CIV. P. 25(a)(3)(2009). Under Rule 5(b), service may be accomplished on a party

represented by an attorney by mailing (or emailing if consented to in writing) the party's attorney. The statement must also be filed with the court. *See* FED. R. CIV. P. 5(d)(2009)("Any paper after the complaint that is required to be served – together with a certificate of service – must be filed within a reasonable time after service.")

*Discussion*

A. Defendants' Motion to Dismiss Officer Zylawy

Defendants move to dismiss Officer Zylawy under the provisions of Rule 25 arguing that Klein did not file a motion to substitute a party for the officer within ninety days after receiving notice of his death in the September 9, 2008, letter (the "Letter"). Klein argues that the Letter was not a proper statement of death under Rule 25 for three reasons: 1) the Letter discusses issues other than the death of Officer Zylawy; 2) the Letter was not filed with the court; and 3) the Letter lacked information about the personal representative of Officer Zylawy's estate.

Federal courts, including the Ninth Circuit, have strictly construed the service and filing requirements of Rule 25. In *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994), the Ninth Circuit held that Rule 25 required two affirmative steps to trigger the running of the ninety-day period. "First, a party must formally suggest the death of the party upon the record. (citations omitted) Second, the suggesting party must serve other parties and nonparty successors of the deceased with the suggestion of death. . . ."[2] In the scenario where the deceased party is a defendant, the requirements are met by filing a copy of the statement of death with the court, or electronically

---

[2] In *Barlow*, the Ninth Circuit considered the version of Rule 25 that was in effect in 1994. The changes to Rule 25 in 2007 were stylistic only and did not alter the substance of Rule 25. Accordingly, the decisions construing the pre-2007 version of Rule 25 are equally applicable to the current version.

entering it into the court record, *and* mailing a copy of the suggestion of death to the plaintiff's counsel in accordance with Rule 5. *See Fed. Deposit Ins. Corp. v. Cromwell Crossroads Associates, Ltd. P'ship*, 480 F. Supp. 2d 516, 526-27 (D. Conn. 2007); *Dummar v. Lummis*, No. 2:07-CV-459 JCM(PAL), 2007 WL 4623623, *3 (D. Nev. Dec. 26, 2007).

There is no dispute that the Letter was not filed with the court or electronically entered into the court record. Accordingly, Defendants have not completed the two steps required under Rule 25, the ninety-day period has not been triggered, and Defendants' motion to dismiss for failing to file a motion to substitute is premature.

Defendants argue that the purpose of filing the statement of death, as well as a certificate of service of the statement, is to establish a record that the opposing party had actual knowledge of the item served. They then assert that because Klein knew of Zylawy's death as early as February 2008, the filing of the statement and certificate of service was not required under Rule 25. This argument has been considered and rejected. *See Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990)("The running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death."); *Cromwell Crossroads*, 480 F.Supp.2d at 27 (Whether or not the plaintiff had actual knowledge of defendant's death before the filing of the statement noting death is irrelevant.).

Additionally, it would appear that the statement noting a party's death must be more than a mere mention of the death in a court or case-related document. *See Grass Valley Terrace v. United States*, 69 Fed. Cl. 506, 510 (Fed. Cl. 2006)(one-line mention of party's death in voluminous reply brief filed with court did not satisfy Rule 25); *Roberts v. Thompson*, No. 93-1409, 1994 WL 242457, *1 (10th Cir. 1994)(counsel's reference to party's death during appeal of summary judgment did

not trigger the need to file a motion to substitute); *Grandbouche*, 913 F.2d at 836-37 (citing various cases where court order noting death and mailed to parties, statement made on record during discovery conference, and letter from attorney notifying court of party's death were insufficient to trigger the limitation period under Rule 25)(citations omitted); *Acri v. Int'l Ass'n of Machinists and Aerospace Workers*, 595 F. Supp. 326, 330 (N.D. Cal 1984)(incidental mention of death in answers to interrogatories not suggestion of death under Rule 25). Defendants' mention of Zylawy's death in the Letter, which also discussed discovery issues, also appears to be insufficient to trigger the ninety-day time period.

Finally, the court acknowledges the split of authority on the question of whether the statement noting the death must identify the successor or representative who may be substituted for the decedent and declines the opportunity to address the issue at this time. *Compare Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969)(suggestion of death must identify the representative or successor of an estate) *and Dummar*, 2007 WL 4623623 at *3 (citing cases which held that a valid suggestion of death must identify the successor or representative to be substituted for the decedent) *with Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2nd Cir. 1998)(Rule 25 does not require a party to identify the successor or legal representative in the statement) *and George v. United States*, 208 F.R.D. 29, 31-32 (D. Conn. 2001)(discussing cases which held that suggestion of death was not defective because the representative or successor for a deceased party was not named and holding that where the party filing the suggestion of death had no notice of the pending appointment of personal representative, the failure to name the personal representative did not prevent compliance with Rule 25). Because the court finds that Defendants' failure to file or serve a formal statement of death with the court prevented the triggering of the 90-day period, the question of whether

Defendants' statement was also deficient under Rule 25 for not including the name of the proper substitute is not outcome determinative.

Defendants' failure to file a copy of the Letter with the court violates the express provisions of Rule 25. The ninety-day time period was not triggered by the mailing of the Letter to Klein's counsel. Defendants' motion to dismiss the claims against Officer Zylawy, which is based on the expiration of the ninety-day time period, is premature and should be denied.[3]

B. Klein's Motion for Extension of Time

Klein requests an extension of time to file a motion to substitute a party for Officer Zylawy. Because the court finds that Defendants failed to comply with Rule 25 and, therefore, failed to trigger the ninety-day time period, Klein's request to extend that deadline is moot and should be denied.

C. Klein's Motion to Substitute Party

Klein seeks to substitute Patricia Zylawy, in her capacity as personal representative of Mark Zylawy's estate,[4] as the proper defendant in place of Mark Zylawy. Defendants' only objection to the motion is that it is untimely. Based on the court's finding that the Letter was insufficient under Rule 25 and did not trigger the ninety-day time period, Defendant's objection is not well-taken. Klein's motion to substitute is timely and should be granted.

*Conclusion*

Defendants' motion (#54) to dismiss should be DENIED, Klein's motion (#58) for extension

---

[3] Because the court recommends denying Defendants' motion to dismiss, the court denies as moot Klein's request for oral argument on that motion.

[4] Patricia Zylawy was appointed personal representative of the estate of Mark Zylawy by the Superior Court of Washington for Clark County on April 10, 2009.

of time should be DENIED as moot, and Klein's motion (#62) to substitute Patricia Zylawy, as personal representative of Mark Zylawy's estate, for Mark Zylawy should be GRANTED.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than **June 16, 2009**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 1st day of June, 2009.

_____
JOHN V. ACOSTA
United States Magistrate Judge